1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT
7        FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
LAWRENCE MARTINEZ,            )   No. C 07-1813  MMC (PR)
9                             )
              Petitioner,     )   **ORDER TO SHOW CAUSE**
10                            )
     vs.                      )
11                            )
BEN CURRY,                    )
12                            )
              Respondent.     )
13 _____ )

14       On March 30, 2007, petitioner, a California prisoner incarcerated at the Correctional

15 Training Facility, Soledad, and proceeding pro se, filed the above-titled petition for a writ of

16 habeas corpus pursuant to 28 U.S.C. § 2254.  He has paid the filing fee.

17                            **BACKGROUND**

18       In 1988, petitioner was convicted, in Imperial County Superior Court, of kidnap for

19 robbery, and sentenced him to a term of seven years to life in state prison.  In 2005, the

20 California Board of Prison Hearings ("BPH") denied petitioner parole.  Petitioner challenged

21 the decision in the Imperial County Superior Court, the California Court of Appeal and the

22 Supreme Court of California.  All three habeas petitions were denied.

23                            **DISCUSSION**

24       This Court may entertain a petition for a writ of habeas corpus "in behalf of a person

25 in custody pursuant to the judgment of a State court only on the ground that he is in custody

26 in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a);

27 Rose v. Hodges, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an

28 order directing the respondent to show cause why the writ should not be granted, unless it

**United States District Court**
For the Northern District of California

1  appears from the application that the applicant or person detained is not entitled thereto."

2  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the

3  petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See

4  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison,

5  431 U.S. 63, 75-76 (1977)).

6       Petitioners claims: (1) the decision to deny him parole violated his right to due process

7  because it was not based on "some evidence"; and (2) the decision to deny him parole

8  violated his right to due process because it was not based on reliable evidence that petitioner

9  poses a risk to the community, but rather was based on unchanging facts regarding his

10  commitment offense and criminal history.  Liberally construed, petitioner's claims are

11  cognizable.

12                          **CONCLUSION**

13       For the reasons stated above, the Court orders as follows:

14       1.     The Clerk of the Court shall serve by certified mail a copy of this order and the

15  petition, along with all attachments thereto, upon respondent and respondent's attorney, the

16  Attorney General for the State of California.  The Clerk shall also serve a copy of this order

17  on petitioner.

18       2.     Respondent shall file with the Court and serve on petitioner, within 90 days of

19  the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules

20  Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

21  granted based on petitioner's cognizable claims.  Respondent shall file with the answer and

22  serve on petitioner a copy of all portions of the state trial record that have been transcribed

23  previously and that are relevant to a determination of the issues presented by the petition.

24       If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

25  the Court and serving it on respondent within 30 days of the date the answer is filed.

26       3.     In lieu of an answer, respondent may file, within 90 days of the date this order

27  is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee

28  Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a

motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within 30 days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within 15 days of the date any opposition is filed.

4.     Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

5.     It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6.     Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

DATED: June 8, 2007

MAXINE M. CHESNEY
United States District Judge

United States District Court
For the Northern District of California

3