IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE MARTINEZ,<br><br>    Petitioner,<br><br>  vs.<br><br>BEN CURRY,<br><br>    Respondent.<br>_____ | No. C 07-1813 MMC (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS; DIRECTING PETITIONER TO FILE AMENDED PETITION OR REQUEST FOR STAY**<br><br>**(Docket No. 5)** |

On March 30, 2007, petitioner, a California prisoner incarcerated at the Correctional Training Facility, Soledad, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 8, 2007, after reviewing the petition, the Court ordered respondent to file an answer showing cause why the petition should not be granted, or in the alternative, a motion to dismiss on procedural grounds. Respondent chose the latter course, and has filed a motion to dismiss the petition for failure to exhaust. See 28 U.S.C. § 2254(b)-(c). Petitioner has filed an opposition, and respondent has filed a reply.

**BACKGROUND**

In 1988, in the Superior Court of Imperial County ("Superior Court"), petitioner was convicted of kidnap for robbery. He was sentenced to a term of seven years to life in state prison. In 2005, the California Board of Prison Hearings ("Board"), for the seventh time, denied petitioner parole. Petitioner challenged that decision by habeas petitions filed in the Superior Court and the California Court of Appeal, and by a petition for review filed in the

California Supreme Court ("Supreme Court").  All three petitions were denied.

In the instant petition, petitioner raises the following claims: (1) the decision to deny him parole violated his right to due process because it was not based on "some evidence"; and (2) the decision to deny him parole violated his right to due process because it was not based on reliable evidence that petitioner poses a risk to the community, but rather was based on unchanging facts regarding his commitment offense and criminal history.

## DISCUSSION

Respondent moves to dismiss the petition on the ground it is unexhausted because petitioner did not fairly present to the Supreme Court for review his claim that some evidence did not support the Board's decision.  In opposition, petitioner argues the claim was fairly presented by implication.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b)-(c).  The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "the initial 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted).  A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted.   See Rhines v. Webber, 544 U.S. 269, 273 (2005).

The exhaustion requirement is satisfied only if a federal claim has been "fairly presented" to the state courts.  See Picard, 404 U.S. at 275.  "Fair presentation requires that the petitioner describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008) (citation and quotation marks omitted).  Thus, a claim raised in state court "must include reference to a specific federal constitutional

2

guarantee, as well as a statement of the facts that entitle the petitioner to relief." Id. (internal quotation and citation omitted).

Here, respondent argues petitioner's first claim is unexhausted because petitioner did not expressly argue in his petition for review, as he argues in the instant petition, that the Board's decision to deny him parole was not supported by some evidence; rather, petitioner argued that the some-evidence standard is not the appropriate legal standard for review of parole decisions, and that the appropriate standard is a preponderance of the evidence. (MTD Ex. 1.) Respondent asserts the two claims are fundamentally different, in that one such claim contends the wrong standard was used in the first instance, while the other concedes the appropriate standard was used but contends it was not met.

In response, petitioner argues that the current claim was fairly presented in the petition for review because such claim was implicit in his challenge to the some-evidence standard. Specifically, petitioner asserts:

> It would be odd, to say the least, for Petitioner to argue that the some-evidence standard is too low and inconsistent with the [United States] Supreme Court's words, as argued there, that the standard might not be constitutionally adequate in another context, if Petitioner was not raising the some-evidence issue.

(Opp. at 2:6-10.)

The Court finds petitioner's argument unpersuasive. A claim is not fairly presented where, as here, the state court could have understood the federal basis of the claim only through a process of attenuated implication. See Castillo v. McFadden, 399 F.3d 993, 1002-03 (9th Cir. 2005) (finding claim not fairly presented where state court could have inferred petitioner's federal due process claim only through implication and process of elimination). Additionally, although petitioner states he assumed the California Supreme Court would infer he was attempting to raise a claim that the Board's findings were not supported by some evidence, there is no indication from the Supreme Court's summary denial of the petition for review that it did so. Cf. Sandgathe v. Maass, 314 F.3d 371, 377 (9th Cir. 2002) (finding claim of incompetence to enter plea exhausted where state court expressly found no federal due process violation, even though petitioner had not framed claim in terms of any federal

3

right).

Petitioner further contends the claim was fairly presented by way of his argument to the Supreme Court that the Board's virtually unlimited discretion to deny parole based on inconsistent factors for parole suitability violates California legislative and statutory intent; in particular, petitioner points out that in support of such claim he relied on In re Scott, 119 Cal. App. 4th 871 (2004), which discusses the requirements of due process and the some-evidence standard. Respondent argues petitioner's reliance on Scott does not establish exhaustion because that case references California, not federal, due process protections.

The Court agrees with respondent that petitioner's reference to Scott did not fairly present petitioner's current claim to the Supreme Court. Petitioner cited Scott in the context of petitioner's claim of a state law violation based on state regulations and statutes delineating inconsistent factors for parole suitability; nothing in petitioner's argument in support of that claim indicated he was asserting that the Board's decision violated federal due process because it was not supported by some evidence. Further, as respondent notes, Scott, which applies the some-evidence standard to a decision to deny parole, does not rely upon federal constitutional standards. Rather, Scott relies on the California Supreme Court's decision in In re Rosenkrantz 29 Cal. 4th 616 (2002), which expressly held that state law requires application of the some-evidence standard to decisions to deny parole, and declined to decide whether the same standard is mandated under federal constitutional principles. Scott, 119 Cal. App. 4th at 658 & n.12. Accordingly, neither petitioner's citation to In re Scott nor the claim in support of which the citation was made served to fairly present petitioner's current some-evidence claim to the Supreme Court.

Finally, petitioner argues he fairly presented his some-evidence claim to the Supreme Court because the factual allegations in the petition for review are the same as the factual allegations herein. Respondent argues that presenting the same facts is not the equivalent of presenting the same claim, and, consequently, that the Supreme Court had no reason to know petitioner was raising a federal claim challenging the Board's decision as unsupported by some evidence.

4

In the petition for review, the only facts alleged by petitioner were those set forth as follows, under the heading "Questions Presented":

> 1. May the Board deny parole indefinitely based on the circumstances of an offense despite parole eligibility, where the prisoner has demonstrated positive change, programming as previously requested, and no misconduct for 7 years?
>
> 2. May the Board disregard Petitioner's age and immaturity when he committed the offense, and disregard his present age and maturity?
>
> 3. May the Board ignore case law, both state and federal, disapproving reliance on former alcohol or drug use and require that a prisoner participate in religious programs?
>
> 4. Can the state's failure to order and provide current psychological reports be used to deny prisoners parole?
>
> 5. Is the Board a biased decisonmaking body carrying out an illegal parole policy?

(MTD Ex. 1 at 1.)

As phrased, petitioner's questions served to put the Supreme Court on notice that petitioner did not agree with the Board's assessment that petitioner was unsuitable for parole. Standing alone, however, the questions did not put the Supreme Court on notice that petitioner was claiming the Board's findings violated due process because they did not meet the some-evidence standard. Moreover, with the exception of the above questions, the Board's factual findings are not discussed in the claims raised in the petition for review. Under such circumstances, the Court finds the factual allegations set forth by petitioner in the context of the questions presented in the petition for review did not fairly present his current some-evidence claim to the Supreme Court. Cf. Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008) (finding factual basis of claim fairly presented where petitioner did not provide clear narrative but alleged he had been denied right to call witness at disciplinary hearing in violation of federal right to due process).

Based on the foregoing, the Court concludes petitioner did not fairly present his some-evidence claim to the Supreme Court for review and that as a result, said claim is unexhausted. Consequently, the Court will grant respondent's motion to dismiss the petition as a "mixed" petition that contains both an exhausted and an unexhausted claim. See 544

U.S. 269, 273 (2005).  Before entering a judgment of dismissal, however, the Court must provide petitioner an opportunity to amend the mixed petition by striking his unexhausted claim as an alternative to suffering dismissal.  <u>Jefferson v. Budge</u>, 419 F.3d 1013, 1016 (9th Cir. 2005) (citing <u>Rhines</u>, 544 U.S. at 277).  As a further alternative, the Court may stay the mixed petition while petitioner returns to state court to exhaust his unexhausted claim.  <u>See</u> <u>Rhines</u>, 544 U.S. at 277.  Accordingly, petitioner may choose either to amend his petition and proceed only with his exhausted claim, or request a stay of the petition while he exhausts his unexhausted claim in state court.  A stay will not be granted, however, unless petitioner can show there was good cause for his failure to exhaust his some-evidence claim in state court and that the claim is potentially meritorious.  <u>See</u> <u>id.</u>

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Respondent's motion to dismiss is hereby GRANTED.  (Docket No. 5.)

2. Within **thirty (30) days** of the date this order is filed, petitioner shall either: (1) file an amended petition that includes only his exhausted claim and strikes the unexhausted claim, or (2) file a request for a stay of this matter while he exhausts his unexhausted claim in state court.

3. If petitioner chooses to file an amended petition, he must include the caption and civil case number used in this order, No. C 07-1813 MMC (PR), as well as the words AMENDED PETITION on the first page; petitioner shall not incorporate material from the original petition by reference.

4. If petitioner fails to file either an amended petition or a request for a stay as ordered herein, the petition will be dismissed without prejudice to petitioner's later filing a new petition that contains only exhausted claims.

This order terminates Docket No. 5.

IT IS SO ORDERED.

DATED: June 12, 2008

_____
MAXINE M. CHESNEY
United States District Judge