IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE MARTINEZ,<br><br>    Petitioner,<br><br>  vs.<br><br>BEN CURRY,<br><br>    Respondent.<br>_____ | No. C 07-1813 MMC (PR)<br><br>**ORDER GRANTING REQUEST FOR STAY; DIRECTING CLERK TO ADMINISTRATIVELY CLOSE FILE**<br><br>**(Docket No. 9)** |

On March 30, 2007, petitioner, a California prisoner incarcerated at the Correctional Training Facility, Soledad, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 12, 2008, the Court, in ruling on respondent's motion to dismiss the petition as unexhausted, found petitioner had exhausted only one of his two claims. Specifically, the Court found petitioner had not fairly presented to the state courts his claim that the decision of the California Board of Prison Hearings to deny him parole was not supported by some evidence. Consequently, the Court directed petitioner to either file an amended petition containing only his exhausted claim, or request a stay pending exhaustion of his unexhausted claim. See Rhines v. Webber, 544 U.S. 269, 277 (2005) (holding district courts must provide petitioner opportunity to amend mixed petition by striking unexhausted claim or, alternatively, may stay mixed petition while petitioner returns to state court to exhaust unexhausted claim). Petitioner chose the latter course, and has filed a request for a stay.

Good cause appearing, the motion for a stay is GRANTED, and the above-titled

action is hereby STAYED until petitioner files a motion to reopen as described below.[1]

In keeping with the Court's interest in placing "reasonable limits on a petitioner's trip to state court and back," id. at 278, petitioner is instructed that he must present to the California Supreme Court, within thirty days of the date this order is filed, the unexhausted claim he wishes to raise herein; thereafter, within thirty days of the California Supreme Court's decision, he must file a motion to reopen this action. Additionally, petitioner must file an AMENDED PETITION at the same time as the above-described motion to reopen this action. The amended petition must include the caption and civil case number used in this order, No. C 07-1813 MMC (PR), and must include the words AMENDED PETITION on the first page.

In the amended petition, petitioner must include all the claims he wishes to present, including both the newly-exhausted claim and the cognizable claim from the present petition. If petitioner files a motion to reopen this action, but does not concurrently file an amended petition in compliance with the instructions set forth herein, this action will proceed only on the basis of the cognizable claim from the present petition.

The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action.

This order terminates Docket No. 9.

IT IS SO ORDERED.

DATED: July 14, 2008

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] Petitioner does not articulate clearly in his request for a stay the reasons for his failure to exhaust his claim that some evidence did not support the decision to deny parole. See Rhines, 544 U.S. at 277 (holding stay will not be granted unless petitioner can show good cause for failure to exhaust). In his opposition to respondent's motion to dismiss, however, petitioner argued he had fairly presented such claim to the state courts because he believed it necessarily was included in his state court claim that the "some evidence" standard was not the proper standard of review. As petitioner believed, albeit mistakenly, that he had fairly presented his claim in state court, the Court finds he has shown good cause for his failure to exhaust.